# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 1666 | **DATE** | 10/16/2000 |
| **CASE TITLE** | Publication International vs. Burke/Triolo | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order denying defendant's motion to dismiss (3-1). Discovery is ordered closed on 3/30/01. Pretrial order will be due by 4/30/01. Response to any motions in limine due by 5/15/01. Final pretrial conference set for 6/1/01 at 4:00 p.m. Trial set for 6/11/01 at 9:30 a.m. Ruling set for 10/17/00 is vacated.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 3 | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | OCT 17 2000 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 12 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING | 10/16/2000 | |
| | | 00 OCT 16 PM 5: 24 | date mailed notice | |
| MPJ | courtroom deputy's initials | | MPJ | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PUBLICATIONS INTERNATIONAL, )
LTD., an Illinois Corporation, )
)
)
Plaintiff, )
)
v. ) No. 00 C 1666
)
BURKE/TRIOLO, INC., a California )
corporation, )
)
Defendant. )

DOCKETED
OCT 17 2000

## MEMORANDUM OPINION AND ORDER

In 1993 and 1994, Publications International, Ltd. ("PIL"), an Illinois corporation and publisher of cookbooks and magazines, entered into a series of contracts with the defendant, Burke/Triolo, Inc. ("Burke"), a California corporation, for photographs depicting PIL's recipes for use in PIL's cookbooks. In 1996 or 1997, Burke set up a website, www.foodpix.com, which displayed these same photographs. Burke has also distributed CD-rom catalogs including the photographs and offering them for sale. PIL claimed that it has exclusive rights to these photographs and sued Burke for breach of contract, false designation of origin, unfair competition, and copyright infringement. Burke moves to dismiss this action for want of personal jurisdiction. For the reasons set forth below, Burke's motion is denied.

I.

In federal court, the plaintiff bears "the burden of establishing a prima facie case for personal jurisdiction," *Michael J. Neuman & Assocs., Ltd. v. Florabelle Flowers, Inc.*, 15 F.3d 721, 724 (7th Cir. 1994), but I construe all disputed facts bearing on jurisdiction in the light most favorable to the plaintiffs. *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1275 (7th Cir. 1997). In a diversity case, I have personal jurisdiction over a nonresident defendant only if a court in Illinois would have personal jurisdiction. *Mid-America Tablewares, Inc. v. Mogi Trading Co., Ltd.*, 100 F.3d 1353, 1358 (7th Cir. 1996). The parameters of jurisdiction under the Illinois long-arm statute are contiguous with the requirements of due process under the United States and Illinois Constitutions. *Chemical Waste Management, Inc. v. Sims*, 870 F.Supp. 870, 873 (N.D. Ill. 1994). Thus, if the defendant's contacts with Illinois satisfy the requirements of due process, then those contacts also fulfill the requirements of the Illinois long-arm statute.[1]

---

[1] PIL claims, under the long-arm statute, that Burke is doing business and has committed a tortious act in Illinois, the site of its injury. I need not reach these questions because the long-arm statute permits jurisdiction to the full extent of due process, which is not violated by requiring Burke to defend this lawsuit in Illinois.

A.

Whether particular contacts satisfy due process depends on whether jurisdiction is general or specific. *See RAR*, 107 F.3d at 1277. Specific jurisdiction is "jurisdiction over a defendant in a suit 'arising out of or related to the defendant's contacts with the forum.'" *RAR*, 107 F.3d at 1277 (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984)). The essential inquiry for specific jurisdiction is whether the defendant "purposely availed" itself of the benefits and protections of Illinois law such that it could anticipate being haled into court here. *See id.* In a breach of contract case, "it is only the dealings between the parties in regard to the disputed contract that are relevant to minimum contacts analysis." *Id.* at 1278 (internal quotations omitted).

Burke claims that this case arises only out of the contract, which was executed and performed in California. PIL alleges that its photographs have been offered for sale in Burke's CD-rom catalogs, which have been distributed in Illinois. Burke is correct that the mere existence of a contract with an Illinois plaintiff is not enough to give rise to jurisdiction over an out-of-state defendant, *see id.* at 1277, (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478 (1985)). But PIL's allegations also rest on the distribution of

Burke's catalogs in Illinois. This relates directly to the alleged breach of contract. PIL also alleges copyright infringement and unfair competition based on the same catalogs distributed in Illinois. Although Burke contends that it did not initiate the contact with PIL or intend to target Illinois business specifically, it does not dispute that it purposely sent the catalogs with the allegedly infringing photographs into Illinois. It could have had no other intention than to generate Illinois sales of the photographs contained in them. I find that this is sufficient minimum contact with Illinois to exercise specific personal jurisdiction over Burke.

B.

General jurisdiction arises when the defendant has "continuous and systematic general business contacts" with the forum. *See RAR*, 107 F.3d at 1277, *citing Helicopteros*, 466 U.S. at 416. I look to Burke's additional contacts with Illinois beyond those related to the action to determine whether general jurisdiction exists. *See Dehmlow v. Austin Fireworks*, 963 F.2d 941, 947 n.6 (7th Cir. 1992). "[T]he Illinois courts . . . insist that the business done by the defendant in Illinois be intentional, substantial, and continuous rather than inadvertent, trivial, or sporadic, that it continue up to the time of suit, and that it evidence a purpose on the part of the defendant to avail [it]self of

the protection of the laws of Illinois." *Asset Allocation and Management Co. v. Western Employers Ins. Co.*, 892 F.2d 566, 570 (7th Cir. 1990). Burke argues that its only contacts are occasional requests for catalogs from Illinois customers and shipment of catalogs to Illinois. PIL asserts that Burke's website and sales representative in Chicago are sufficient contacts.

Burke has operated its website, www.foodpix.com, since 1996 or 1997, advertising its catalog and providing an on-line catalog request form, which can be submitted directly to Burke from the website. The Seventh Circuit has not addressed the extent of personal jurisdiction that is proper in the context of cyberspace, but at least one other court in this district has adopted a three-part, sliding scale analysis of website interactivity to determine whether *specific* personal jurisdiction is proper. *See Euromarket Designs, Inc. v. Crate & Barrel Ltd.*, 96 F. Supp. 2d 824, 837 (N.D. Ill. 2000) (Denlow, M.J.). This analysis is equally applicable to whether a defendant is engaged in continuous, systematic and intentional business in Illinois for the purposes of general jurisdiction. At one end of the spectrum of interactivity are the cases where the defendant "clearly does business" with citizens of a foreign jurisdiction over the internet; for example, entering into contracts. These websites are a proper basis for

personal jurisdiction. *See id.* At the other end of the spectrum are passive websites, where the defendant merely makes information accessible to users in a foreign jurisdiction. Defendants are not subject to personal jurisdiction merely by maintaining an informational website. *See id.* at 838. In the middle of the spectrum are "interactive websites," which post information and allow a user in a foreign jurisdiction to exchange information with the entity that maintains the website. In these cases, whether the website can be the basis for personal jurisdiction depends on the level of interactivity and the commercial nature of the information exchanged. *See id.*

Burke's website belongs to this middle category. Burke contends that its website is merely informational, but Illinois users who access the website can fill out a form request for the catalog and submit it directly.[2] Burke also advertises a national listing of clients on the website, including two large and well-known Illinois corporations. This is both interactive and commercial in nature. Although Burke argues that no actual *sales* are transacted on line, why would Burke sent catalogs to Illinois except to generate Illinois sales? The

---

[2] I take judicial notice of the fact that the website also allows users to register and become part of the mailing list to receive special offers. While not dispositive, this is further indication that Burke was using its website to try and drum up business in Illinois and other foreign jurisdictions.

website is promotional, and through it Burke solicits users from other jurisdictions to engage in a business relationship. This is an intentional and continuous business contact that makes personal jurisdiction over Burke proper. *See Maritz, Inc. v. Cybergold, Inc.*, 947 F. Supp. 1328, 1333 (E.D. Mo. 1996) (The defendant was subject to personal jurisdiction based on website that solicited users to join its mailing list.).

In addition to the website, Burke has a representative in Chicago. Burke distributed a newsletter in November 1995 announcing that it had hired a "Chi-town rep" who "carrie[d its] book and reel." Burke contests that this person was an agent or sales representative, but I resolve such questions in favor of PIL for purposes of this motion. By advertising a representative in Illinois, Burke demonstrates that its business contacts with Illinois are intentional and continuous rather than incidental and sporadic, and therefore jurisdiction is proper. *Accord Kavo America Corp. v. J.F. Jelenko & Co.*, No. 00 C 1355, 2000 WL 715602, at *4 (N.D. Ill. June 2, 2000) (Kocoras, J.) (general personal jurisdiction exercised over defendant who maintained two sales representatives in Illinois and had website that listed representatives by state, including Illinois).

II.

Finally, based on these contacts with Illinois, subjecting Burke to the jurisdiction of this court does not violate due process or offend traditional notions of fair play and substantial justice. *See e.g., Digital Equip. Corp. v. Alta Vista Tech Inc.*, 960 F. Supp 456, 462 (D. Mass. 1997) (jurisdiction proper over nonresident based on totality of contacts with forum state including contract with Massachusetts corporation, soliciting Massachusetts business through a website, and three sales to Massachusetts residents). By seeking out and contracting with Illinois customers, Burke purposefully availed itself of the benefits and burdens of Illinois law, and Burke has failed to demonstrate that my exercise of jurisdiction would be so burdensome that it would offend notions of fair play and substantial justice.

The exercise of personal jurisdiction must also be consistent with the Illinois Constitution's "separate and independent" guarantee of due process. *Rollins v. Ellwood*, 141 Ill.2d 244, 275, 152 Ill.Dec. 384, 398, 565 N.E.2d 1302, 1316 (1990). It must be "fair, just and reasonable to require a non-resident defendant to defend an action in Illinois, considering the quality and nature of the defendant's acts which occur in Illinois or which affect interests located in Illinois." *Id.* I must conduct an independent analysis of due process under

Illinois law, but I may look to federal due process law for guidance. *Id.* Because Burke offers no reason to otherwise construe the facts in light of the Illinois Constitution, I find that exercise of personal jurisdiction over them would not violate requirements of Illinois due process. *See Michael J. Neuman & Assocs., Ltd. v. Florabelle Flowers, Inc.*, 15 F.3d 721, 725 (7th Cir. 1994). Therefore, Burke's motion to dismiss is DENIED.

ENTER ORDER:

Elaine E. Bucklo
United States District Judge

Dated: October 16, 2000